UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY GARNETT, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13-cv-1546-JAR |
| | ) |
| JAY CASSADY[1], | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Timothy Garnett's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1) The Government responded. (Doc. No. 12) For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

**Background**

Petitioner was convicted of one count of domestic assault in the first degree, Section 565.072, RSMo 2000, two counts of domestic assault in the second degree, Section 565.073, and three counts of armed criminal action, Section 571.015. Missouri v. Garnett, 0722-CR05194-01 (St. Louis City). The court sentenced him to a total of forty years' imprisonment on March 20, 2009. Id. Petitioner appealed, and the Missouri Court of Appeals affirmed on December 8, 2009. State v. Garnett, 298 S.W.3d 919, 920 (Mo. Ct. App. 2009).

Garnett filed a Rule 29.15 motion for post-conviction relief on April 5, 2010. Timothy H. Garnett v. State of Missouri, PCR 1022-CC-1634. (Doc. No. 16-15) Following an evidentiary hearing, the court denied the motion. Id. Petitioner appealed the denial, and the Missouri Court

---

[1] Petitioner is currently incarcerated at Jefferson City Correctional Center ("JCCC") in Jefferson City, Missouri. Jay Cassady is the current Warden and proper party respondent. See 28 U.S.C. § 2254, Rule 2(a).

of Appeals affirmed on March 20, 2012. Garnett v. State, 362 S.W.3d 487 (Mo. Ct. App. 2012). The appellate court's mandate issued on April 12, 2012. (Doc. No. 16-15)

On August 7, 2013, Petitioner filed his Section 2254 petition in which he raises the following grounds for relief:

1) Petitioner alleges he is factually innocent of the charge and sentence based on his mental condition at the time of the offense and the Court should therefore extend equitable tolling under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013).

2) Petitioner alleges he received ineffective assistance of counsel at the penalty phase because counsel did not call Dr. Armour, mental health expert, to testify regarding Petitioner's state of mind.

(Doc. No. 1) In March 2014, Petitioner filed two supplemental claims:

3) Petitioner alleges that the Clerk of the Missouri Supreme Court refused to file a motion to transfer the order from the Missouri Court of Appeal denying his motion to recall the mandate in the state post-conviction appellate proceedings. (Doc. No. 7-1)

4) Petitioner alleges he was denied effective assistance of counsel at sentencing because his counsel failed to call and present a mental health expert.

(Doc. No. 7) In response the Government argues the petition is untimely and that Petitioner's grounds are procedurally barred and without merit. (Doc. No. 8) The Court has reviewed the petition and the Government's response in their entireties but having determined the petition is untimely, will limit its order to that issue.

**Discussion**

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(2) explicitly excludes from this period of limitation, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

-2-

Therefore, while a properly filed state petition for post-conviction relief is pending the one-year period of § 2244(d)(1) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Petitioner failed to timely file his federal habeas petition. His conviction became final on December 23, 2009, when the time expired for seeking rehearing of the December 8, 2009 decision on direct appeal.[2] (Doc. No. 16-14) The one-year limitations period was tolled, however, during the pendency of Garnett's post-conviction proceedings, that is, from April 5, 2010, through April 12, 2012, when the Missouri Court of Appeals issued its mandate affirming the denial of post-conviction relief. (Doc. No. 16-16) Totaling the time that is not tolled, 103 days passed between December 23, 2009 and April 5, 2010; and 482 days passed between the conclusion of direct appeal on April 12, 2012 and the filing of the federal habeas corpus petition on August 7, 2013, 585 days had elapsed.[3] Therefore, the petition is untimely.

Garnett claims he is factually innocent based on his mental condition at the time of the offense, a claim he asserts falls squarely under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) (holding that the AEDPA statute of limitations can be overcome by a showing of actual innocence). Mere allegations of actual innocence are insufficient to merit habeas review. See, e.g., Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997). Moreover, the Rule 29.15 appellate court commented that Garnett's expert, Dr. Armour could not have helped Garnett during the guilt phase. (Doc. No. 16-10 at 4) In particular, the appellate court stated, "[Garnett] is

---

[2] When rehearing is sought, the motion must be filed within 15 days from the date the appellate court issues it decision. See Missouri Supreme Court Rule 84.17(b).

[3] The fact that a motion to recall the mandate (Doc. No. 16-11) was pending in Garnett's direct appeal between September 23, 2013 and November 12, 2013 (Doc. No. 16-14) had no effect on the passing of the 585 untolled pre-petition days because Garnett did not file that motion until August 12, 2013, *after* he filed his federal habeas petition. Likewise, the motions to recall the mandate and for reconsideration that Garnett filed in the Missouri Court of Appeals following its opinion affirming the denial of post-conviction relief were filed after the filing of the federal habeas petition on August 7, 2013 (Doc. No. 16-16) and thus do not entitle him to any tolling.

well aware that Dr. Armour's testimony would not have provided a defense for movant during the guilty phase, but argues instead that such evidence would have aided movant in the penalty phase." (Id. at 5) The Court continued, "Dr. Armour did not conclude that [Garnett] was incompetent, or that [Garnett] was not guilty by reason of mental disease or defect." (Id. at 6) The Court finds these determinations reasonable and will defer to those findings. 28 U.S.C. § 2254(d), (e). The Court finds nothing in the record here that warrants equitable tolling.

**Other pending motions**

Garnett has filed motions for orders to show cause (Doc. Nos. 14, 15) which the Court construes as motions to stay and abey. In light of the Court's ruling that Garnett's petition is time-barred, these motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Timothy Garnett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Petition for Orders to Show Cause" [14] and "Petitioner [sic] for Order to Show Cause Why Case Should Not be Stayed [15] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 25th day of January, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE